# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

DAVID L. CLEVELAND
924 G Street, NW
Washington, DC 20001

Plaintiff

v.                                                  Civil Action No.

UNITED STATES DEPARTMENT OF STATE
2201 C Street, NW
Washington DC 20502

Defendant

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### Introduction

1. Plaintiff is an immigration lawyer in Washington DC. He is presently representing several asylum applicants in immigration court. He will continue to represent asylum applicants for many years in the future.

2. Defendant Department of State ["DOS"] has in its possession several documents known as "Profiles of Asylum Applicants and Country Conditions." These documents are used in immigration court by the U.S. government as evidence against asylum applicants.

3. Plaintiff would like to read these documents *before* immigration

court hearings begin, so that he may effectively represent his clients. At times, he is handed the documents *during* the hearing.

4. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. This is also an action under 8 U.S.C. § 1229a (b) (4) (B), which gives aliens certain rights in Immigration Court.

## Jurisdiction and Venue

5. This court has subject matter jurisdiction over this action pursuant to 5 U.S.C. § 552(a) (4) (B), and 28 U.S.C. § 1331. This court has jurisdiction to grant declaratory and further necessary or proper relief pursuant to 28 U.S.C. §§2201-2202 and Federal Rules of Civil Procedure 57 and 65.

6. Venue in this district is proper under 5 U.S.C. § 552(a) (4) (B) and 28 U.S.C. § 1391(c) as all parties are located in the District of Columbia.

## The parties

7. Plaintiff David L. Cleveland is an immigration lawyer. He is a member of the American Immigration Lawyers Association.

8. Plaintiff is a full-time volunteer lawyer, employed by Catholic Charities of Washington, which is part of the Archdiocese of Washington. The documents requested in this lawsuit will be useful to Catholic Charities ["CC"] in its activities:

a. CC has represented asylum applicants for decades, and will continue to represent them for decades to come. CC wants all of its clients to see justice.

b. CC regularly conducts trainings and seminars for lawyers representing asylum applicants.

c. Lawyers at CC are members of other organizations, such as the American Immigration Lawyers Association [AILA] and the DC Bar Association, and are invited from time to time to speak at conferences on asylum. CC lawyers write articles for ILW.com, Bender's Immigration Bulletin, and AILA; they attend public meetings at local asylum offices and at Headquarters, where they advocate for justice.

d. CC wants to assist other lawyers, as they seek to obtain justice for their clients.

e. CC wants to monitor and examine the work of the DOS, and to ensure that all asylum applicants obtain justice. CC wants to assist Congress and the advocacy community in the implementation and improvement of the asylum system. CC wants to increase public awareness and to facilitate public oversight of the asylum system; CC wants to preserve the integrity of immigration court and asylum office proceedings.

9.  Defendant Department of State ["DOS"] is a department of the executive branch of the United States government and is an agency within the meaning of 5 U.S.C. § 552(f).  DOS has possession and control over the documents sought by plaintiff.

## The asylum process

10. An alien fleeing persecution in his native country may apply for asylum here in the United States, pursuant to § 208 of the Immigration and Nationality Act, 8 U.S.C. § 1158.  Congress enacted remedies for asylum applicants to "give statutory meaning to our national commitment to human rights and humanitarian concerns." *Selgeka v. Carroll,* 184 F.3d 337, 343 (4th Cir. 1999).

An asylum applicant fears torture and death if he is deported. Because "so much can be lost," and because "a lot is at stake," immigration courts are instructed to adjudicate cases "in a fair and reasoned way." *Mufied v. Mukasey*, 508 F.3d 88, 93 (2d Cir. 2007).

Deportation is a consequence that is "particularly severe," which can result in the loss "of all that makes life worth living." *United States v. Akinsade,* 686 F.3d 248, 254 (4th Cir. 2012)[citations and quotations omitted].

11. Profiles of Asylum Applicants are used in immigration court, from time to time. *Zheng v. Holder*, 701 F.3d 237 (7th Cir. 2012). Immigration Judges are "entitled to rely heavily" upon them. *Wu v. U.S. Att'y Gen.*, 2013 U.S. App. LEXIS 5021, *18 (11th Cir. 2013). Immigration Judges *do* rely heavily upon them. Lawyers for asylum applicants should be able to read the Profiles before going to court.

Procedural history

12.     Plaintiff made a FOIA request for the documents, which was received by defendant on July 31, 2013. Plaintiff requested a copy of each ""Profile of Asylum Claims and Country Conditions" published for each country, dated January 1, 2000 through December 31, 2013. *See* Exhibit A.

13. Defendant responded to plaintiff's request on August 7, 2013, by stating in part that it "will begin the processing of your request…" *See* Exhibit B.

14. The DOS has still not provided plaintiff with the documents. Nor has the DOS given any reasons for its inaction.

Exhaustion of administrative remedies

15. Plaintiff has exhausted any and all administrative remedies with defendant.

FIRST CAUSE OF ACTION

16. Plaintiff repeats, alleges and incorporates the allegations of paragraphs 1-15 as if fully set forth herein.

17. Plaintiff has a legal right under FOIA to obtain the Profiles of Asylum Claims and Country Conditions, and no legal basis exists for defendant's failure to make the Profiles available.

18. Defendant has violated the FOIA, 5 U.S.C. §§ 552(a). Defendant's wrongful withholding of the agency records violates the FOIA, § 552(a) (3) (A). Defendant's failure to provide "the reasons" for its refusal and inaction, within 20 days of July 31, 2013 violates the FOIA.

SECOND CAUSE OF ACTION

19. Plaintiff repeats, alleges and incorporates the allegations of paragraphs 1-18 as if fully set forth herein.

20. An asylum applicant in immigration court has burdens: the burden of proof "is on the applicant to establish that the applicant is a refugee." 8 U.S.C. § 1158(b) (1) (B) (i). "There is no presumption of credibility." 8 U.S.C. § 1158(b) (1) (B) (iii). To assist the applicant in meeting these burdens, Congress has also provided that the alien "shall have a reasonable opportunity to examine the evidence against him, to present evidence on the alien's own behalf, and to cross-examine witnesses…" 8 U.S.C. § 1229a (b) (4) (B).

21. Profiles can be "evidence against" an alien. Therefore, the alien and his lawyer have the right to obtain Profiles before any court hearing.

22. Plaintiff is a lawyer representing asylum applicants. He needs the Profiles to effectively represent his clients. Plaintiff is being injured, in that his ability to effectively represent his clients is impaired.

23. The Profiles are sitting on a shelf at the DOS. The Assistant U.S. Attorney assigned to this case will be able to locate them with two or three phone calls. The DOS will not suffer any harm if plaintiff is allowed access to the Profiles.

24. Defendant's actions are improperly infringing upon plaintiff's rights as outlined above.

WHEREFORE, plaintiff requests that judgment be entered in his favor against defendant and that the court:

a) Order defendant to disclose the Profiles to plaintiff forthwith;
b) Declare that defendant's failure to disclose the Profiles violates FOIA;
c) Declare that defendant's failure to give "the reasons" for its refusal or inaction within 20 days violates the FOIA;
d) Declare that defendant's failure to disclose the Profiles violates plaintiff's rights under 8 U.S.C. § 1229a (b) (4) (B);
e) Enjoin defendant from failing to disclose Profiles in the future;
f) Award plaintiff reasonable attorney fees and costs pursuant to 5 U.S. C. §552(a) (4) (E) and 28 U.S.C. § 2412; and
g) Grant all other such relief to plaintiff as the Court deems proper and equitable.

    Respectfully submitted,

    Attorney for Plaintiff


    David L. Cleveland
    DC Bar # 424209
    924 G Street, NW
    Washington, DC 20001
    [202] 772-4345 Fax: [202] 386-7032
    1949.david@gmail.com